UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT CURTIS VAN NESS,

     Petitioner,

 v.
            9:08-CV-0361 (GLS)

DAVID ROCK,

     Respondent.

---

APPEARANCES:        OF COUNSEL:

ROBERT CURTIS VAN NESS
06-A-1681
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. BARBARA D. UNDERWOOD   THOMAS B. LITSKY
Attorney for Respondent      Assistant Attorney General
New York State Attorney General
28 Liberty Street
New York, NY 10005

GARY L. SHARPE
United States District Judge

## DECISION and ORDER

I.  **INTRODUCTION**

  Petitioner Robert Curtis Van Ness, proceeding pro se, filed a letter, dated July 23, 2018, requesting an "emergency hearing on several key issues" because "[i]n [petitioner's] first action in this Court [he] didn't have [certain] evidence." Dkt. No. 29 at 1.[1] For the

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

reasons that follow, the Court will liberally construe petitioner's submission as a successive petition for a writ of habeas corpus and will transfer it to the United States Court of Appeals for the Second Circuit.

## II. DISCUSSION

### A. Petitioner's Prior Habeas Petitions

On March 17, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 judgment of conviction in Saratoga County of first degree rape, first and second degree criminal sexual acts, first degree sexual abuse, endangering the welfare of a child, and unlawfully dealing with a child. *See Vanness v. Rock*, No. 9:08-CV-0361 (GLS), 2009 WL 1870940, at *2, 4 (N.D.N.Y. June 29, 2009). Petitioner argued that his conviction should be overturned because: (1) the petit jury that convicted him was unconstitutionally impaneled (Ground One); (2) the evidence used against him was obtained in violation of his Fourth Amendment Constitutional rights (Ground Two); and (3) the prosecution wrongfully claimed that it was in possession of incriminating forensic evidence that was never presented at trial (Ground Three). *Id.* at *4.

On June 29, 2009, this Court denied and dismissed the petition. *Id.* at *11. Specifically, the Court found that the first two grounds were procedurally barred. *Id.* at *5-8. Additionally, the Court held that the third ground — that petitioner was denied a fair trial due to prosecutorial misconduct, perjurious testimony, and fabricated evidence — was not supported by the evidence, or lack thereof, present in the record. *Id.*, 2009 WL 1870940, at *8-10. Essentially, petitioner failed to establish that the "state court's rejection of []his claim was either contrary to, or represent[ed] an unreasonable application of, the above-cited

Supreme Court precedent[.]" *Id.* at *10.

> Petitioner moved the United States Court of Appeals for the Second Circuit for a order permitting him to file a successive petition. In a mandate issued on October 6, 2010, his request was denied because his claims "were raised in his prior § 2254 petition," and "to the extent that any of Petitioner's claims are new, they do not rely on a new rule of constitutional law or newly discovered evidence under 28 U.S.C. § 2244(b)(2)."

*Ness v. Rock*, No. 08-CV-0361 (GLS), 2016 WL 796076, at *2 (N.D.N.Y. Feb. 23, 2016); *see also* Dkt. No. 26, Mandate.

On February 8, 2016, petitioner filed a letter with exhibits with the Court, "argu[ing] there is new evidence in his case and ask[ing] the Court to give him another shot." *Ness*, 2016 WL 796076, at *1 (internal quotation marks omitted). Specifically, petitioner alleged that his attorney refused to provide him with requested transcripts, said transcripts were hidden during the course of his appeal, and the state courts refused to act on exculpatory evidence involving DNA evidence and accompanying testimony during his criminal trial. *Id.* at *2.

The Court liberally construed the submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254 because the content of the petition was another "attack on his underlying Saratoga County conviction based on what [petitioner] characterize[d] as 'new' evidence." *Id.* The Court found the petition to be "successive because petitioner [wa]s again challenging the same judgment of conviction that he challenged in his original habeas petition, which was denied and dismissed in 2009," and therefore "transfer[red] the case to the [Second] Circuit . . . [to see] whether the petitioner should be permitted to file a second or

3

successive habeas petition in the district court." *Id.*[2]

In a Mandate issued May 2, 2016, the Second Circuit denied petitioner's request to file a successive petition. Mandate (Dkt. No. 5) at 1, *Van Ness v. Capra*, No. 9:16-CV-0211 (MAD). The Second Circuit held that

> Petitioner's claims must be denied under 28 U.S.C. § 2244(b)(1) because Petitioner raised his present claims in a prior § 2254 petition. But even if Petitioner's claims are considered new, the motion must be denied under 28 U.S.C. § 2244(b)(2) [because] . . . Petitioner does not purport to rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . . Additionally, although Petitioner states that his claims rely on new evidence, he has failed to demonstrate that the documents he submits could not have been properly discovered previously through the exercise of due diligence . . . . He also has not demonstrated that the facts drawn from those documents, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense in light of the inculpatory evidence presented against him at trial.

*Id.* at 1-2 (internal quotation marks and citations omitted).

## B. The Present Petition

Petitioner requests "a hearing on the admissions and facts of this case" because trial testimony from several witnesses indicated that petitioner's DNA was found on vaginal swabs and items of clothing; however, said testimony was inconsistent with police and hospital records apparently recently discovered by petitioner. Dkt. No. 29. It appears petitioner presents a slightly different argument than in his prior submissions, namely that there was tampering with the evidence surrounding his trial and that while "DNA is a useful tool . . . it can be a dangerous weapon if misused." *Id.* at 2. For a complete statement of petitioner's

---

[2] Because petitioner's letter was construed as a second or successive habeas petition, a new case was opened in order to file petitioner's submissions and exhibits. *Ness*, 2016 WL 796076, at *3; *see also Van Ness v. Capra*, No. 9:16-CV-0211 (MAD).

4

arguments, reference is made to his submission.

**C.     Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition."  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).  Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  *See* 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a

second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Petitioner's current submission appears to be based on newly discovered exculpatory evidence; however, it is still an attack on his underlying Saratoga County conviction. Dkt. No. 29. The Court therefore liberally construes the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[3] The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. These claims have been dismissed on the merits, including those claims dismissed as procedural defaulted. *See Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998) ("[A] denial on ground of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive' for purposes of the AEDPA."). Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition.

Given the previously filed mandates from the Second Circuit, the Court is skeptical that petitioner will be authorized to file his successive petition. However, district courts have

---

[3] A filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *See Castro v. United States*, 540 U.S. 375, 383 (2003). As noted, petitioner already litigated his first section 2254 petition, making any subsequent petition subject to the restrictions on successive filings. *See Palmer v. Phillips*, No. 05 Civ. 9894, 2007 WL 60419, at *2 (S.D.N.Y. Jan. 8, 2007) ("Because this is not [the] [p]etitioner's first § 2254 petition, he has already triggered any applicable 'second or successive' bar, and so consideration under § 2254 will add no further adverse consequences for any future petition.") (*citing Castro*, 540 U.S. at 383).

no jurisdiction to decide successive petitions; therefore, the Court is required to transfer this action to the appropriate Court of Appeals. *See Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that, because this action is construed as a second or successive habeas petition, the Clerk is directed to open a new case, and to file petitioner's submission in the new case; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

July 25, 2018
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge